*27 The opinion of the court was delivered by
Tilghman, C. J.
This is an action of debt on bond, in which Thomas Weir, the defendant in error, was plaintiff in the Court of Common Pleas of Lebanon county. .The' defendant pleaded a special.plea, alleging fraud in the plaintiff, in consequence of which, the bond was void, and concluded with av.erification. The plaintiff replied, “that it was the deed of the defendantand thereupon, issue was joined, and the jury found for the plaintiff. The error assigned is, that no issue was joined, a most ungracious defence after trial of the merits. In order to facilitate the trial of causes, there is a rule of the Court of Common Pleas, by which', “ upon a plea entered, the prothonotary .may of course put the cause to issue, and enter the proper replication, and other pleadiugs for that purpose; provided that the act of the prothonotary shall not prejudice either of the parties — each party shall have it in his power to enter other pleas, or demur, giving notice in writing to the adverse party, at least 10 days before the trial.” Now, by virtue of this rule, if there had been no replication the prothonotary might have put the cause to issue. This the defendant confesses, but says, that inasmuch as the plaintiff put in a replication for himself, the prothonotary had no power to act in the matter. It is clear, however, that both parties considered the cause as being at issue, and went on to trial. And it is our opinion, that it was substantially at issue, because the defendant’s plea is in nature of a special non est factum, and might have concluded, and so it is not his deed, — then when the plaintiff replied, “ that it is his deed,*’ and issue was joined, we will consider the plea in the same light that both parties considered it, that is, as a plea of non est factum. It is the opinion of the court, therefore, that the judgment should be affirmed.
Judgment affirmed,